**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO BRACAMONTE-PALMA,

Petitioner,

v.

TODD BLANCHE*, Acting Attorney General,

Respondent.

No. 23-970

Agency No.
A205-577-995

MEMORANDUM**

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2024
Submission Deferred March 12, 2025
Resubmitted January 22, 2026
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District Judge.***

Marco Bracamonte-Palma (Bracamonte-Palma), a native and citizen of

---

\* Todd Blanche is substituted as Acting Attorney General pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Mexico, petitions for review of the Board of Immigration Appeals (BIA)'s dismissal of his appeal from an Immigration Judge (IJ)'s denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C), based on his violation of a protection order under 8 U.S.C. § 1227(a)(2)(E)(ii). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions. . . ." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) (citations omitted). "We review *de novo* the BIA's determination of purely legal questions, including the BIA's interpretation of the Immigration and Nationality Act. . . ." *Id.* (citation and internal quotation marks omitted). We deny the petition.

Although *Chevron*[1] deference was essentially eliminated by the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024), we have subsequently concluded that when an agency "has not promulgated a new interpretation of the statute to prompt us to reconsider our precedent," such as here, we remain bound by our prior precedent "that relied on the *Chevron* framework." *Lopez v. Garland*, 116 F.4th 1032, 1045 (9th Cir. 2024) (quoting *Loper Bright*, 603 U.S. at 412).

In *Diaz-Quirazco v. Barr*, 931 F.3d 830, 835 (9th Cir. 2019), we applied *Chevron* deference in concluding that the categorical approach does not apply to the determination of "whether [a non-citizen's] violation of a protection order

---

[1] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

under § 1227(a)(2)(E)(ii) renders him convicted of an offense under § 1229b(b)(1)(C)." This precedent forecloses Bracamonte-Palma's challenge to his conviction. In *Diaz-Quirazco*, we determined that "[t]he BIA sufficiently reviewed the evidence in the record," *id.* at 847, and that the evidence reviewed "reliably evinced that Diaz-Quirazco's offense was a direct violation of the 'no contact' portion of the Restraining Order, which had been issued for the purpose of protecting [the victim] 'against credible threats of violence, repeated harassment, or bodily injury' to her and her child." *Id.* We determined that "the BIA fully considered the necessary steps for determining whether Diaz-Quirazco was ineligible for cancellation of removal based on a violation of the Restraining Order." *Id.* Thus, we concluded that "the BIA's decision can be sustained upon its reasoning." *Id.* at 848.

Here, the BIA reviewed the record evidence that Bracamonte-Palma violated an order of protection entered for the safety of the victim, including a police report documenting that incident. Contrary to Bracamonte-Palma's argument, the police report is reliable and probative evidence of the underlying factual circumstances of his offense of conviction. *See Nijhawan v. Holder*, 557 U.S. 29, 41-43 (2009); *see also Haile v. Holder*, 658 F.3d 1122, 1128 (9th Cir. 2011) ("The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair. . . .") (citation omitted). The Arizona court minutes confirm

that Bracamonte-Palma pled guilty to violating a court order. *See* Ariz. Rev. Stat. § 13-2810. Because his wife was the victim of that violation, his violation of the court order qualified as a domestic violence offense. Moreover, the plea agreement specifically states that the factual basis for the plea was "contained in DR # 18-092124," which is the report number for the police report. Thus, substantial evidence supports the BIA's conclusion that the "Arizona court found" that Bracamonte-Palma "violated the portion of a protection order that involve[d] protection against credible threats of violence, repeated harassment, or bodily injury." 8 U.S.C. § 1227(a)(2)(E)(ii). The BIA committed no error in deciding that Bracamonte-Palma's conviction rendered him ineligible for cancellation of removal. *See Diaz-Quirazco*, 931 F.3d at 848.

**PETITION DENIED.**